E. B. MYERS ET AL., Appellants, v. W. A. MYERS, AD-
MINISTRATOR, Respondent.

St. Louis Court of Appeals, May 4, 1886.

APPELLATE JURISDICTION—ADMINISTRATION—AMOUNT INVOLVED.—In a
case where the objections of the heirs to an administrator's final
settlement, if allowed, would surcharge the administrator's account
in a sum in excess of $2,500, the supreme court has appellate
jurisdiction, and the court of appeals will, on its own motion, trans-
fer the cause to the supreme court,

APPEAL from the Scotland County Circuit Court,
BEN. E. TURNER, Judge.

*Transferred to the Supreme Court.*

FRANK P. HALL and McQUOID & CLANCY, for the
appellants.

SMOOT & PETTINGILL, for the respondent.

THOMPSON, J., delivered the opinion of the court.

An examination of this record, with the view of de-
ciding the appeal on its merits, has satisfied us that it is
an appeal of which we have no jurisdiction. The pro-
ceeding was instituted in the probate court by certain
heirs at law of Michael Myers, deceased, against Wm. A.
Myers, his surviving administrator, to compel him to
render a final account of the estate. After a citation
issued by the probate court, William A. Myers appeared
and filed a final account, which seems to have been disal-
lowed; because, two days later, he filed an amended
final account in which he confessed himself indebted to
the estate in the sum of $573.20. The heir at law filed

numerous objections to his account, reaching back over the whole period of the administration. The probate court disallowed these objections, and entered an order approving the account, from which the objectors appealed to the circuit court. The circuit court, after a hearing, rendered a judgment in conformity with the judgment of the probate court, and the objectors prosecute this appeal to this court. It is quite clear to us, after scanning these objections, that, assuming them to be well taken (a matter on which we do not feel at liberty to express an opinion), we should be compelled either to enter or direct a judgment against the administrator in a much larger sum than $2,500, which is the pecuniary limit of our jurisdiction. To speak more accurately, it appears that at the time when the objections were filed, namely, on the fifth of June, 1884, if the objections were well taken, they would have required the probate court to enter a judgment against the administrator in a much larger sum than $2,500. This will appear from a consideration of two items only.

The first objection is, that the administrators failed to charge themselves, in their inventory, with a certain note due the estate, amounting at the date of the inventory to four hundred and one dollars. The date of the inventory was June 8, 1858. The interest on this amount, at six per cent. per annum, to the fifth of June, 1884, the date of the filing of the objections to the administrators' final settlement in the probate court, is $625.36, making a total of $1,026.36.

Another objection is, that the administrator failed to enforce contribution from Alfred S. Myers of one-half of three joint notes, which had been executed by Michael Myers and Alfred S. Myers, which notes were classified as demands against the estate of Michael Myers and paid by the administrator in full. These notes aggregated the sum of $1,879.12. Assuming that this objection is well taken, the defendant would be liable to the

estate for the sum of one-half of $1,879.12, or $939.56. Computing interest on this sum from May 10, 1864, the date of the sixth annual settlement, when credit was taken by the administrators for the two largest of the notes (the other having been included in an earlier settlement), to June 5, 1884, the total amount of this item is $2,071.07.

Adding these two items together, and leaving out of view the amount adjudged against the administrator by the probate court and by the circuit court in conformity with his final settlement, and admitted by him to be due the estate, the total amount is $3,097.43. The items embraced in the other objections would swell this amount by a very considerable sum.

It thus appears that the amount for which the objectors claimed judgment in the circuit court, and for which they now ask judgment upon a re-examination of the merits, is in excess of our jurisdiction, and, under the act of March 18, 1885, it appears our duty to transfer the cause to the supreme court of our own motion. It is so ordered. All the judges concur.